UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | 1:06-cv-01799-OWW-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER CONSTRUING MOTION FOR INJUNCTIVE RELIEF AS REQUEST FOR JURY TRIAL AND MOTION FOR COURT TO RELEASE PLAINTIFF, SERVE PROCESS, OR OPEN DISCOVERY |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRIS CHRONES, et al., | ) | |
| | ) | |
| | ) | (Doc. 14) |
| Defendants. | ) | |
| | ) | ORDER DENYING MOTION |

Plaintiff, James E. Smith ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Now pending is plaintiff's "Motion for Injunctive Relief," filed on April 11, 2007.

**I.    MOTION FOR INJUNCTIVE RELIEF**

    **A.    Legal Standard**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

**B.     Discussion**

In his motion, plaintiff alleges that defendants refuse to remove false and misleading information from his Central File. He alleges that defendants insist that he was sentenced to 28 years to life, without providing plaintiff with evidence that this sentence is correct. Plaintiff also alleges that defendants have discriminated against him, that he has exhausted his remedies, and that he suffers irreparable injuries. As relief, plaintiff requests a court order for defendants to release plaintiff, or for discovery to be opened immediately, or for service of process on defendants. He also requests a jury trial.

Although plaintiff has entitled his motion "Motion for Injunctive Relief," he does not request any relief which would serve the purpose of securing the positions of the parties until the merits of the action are ultimately determined. Moreover, plaintiff does not make any of the showing required to support a motion for preliminary injunction. Plaintiff alleges that he has suffered irreparable injuries due to defendants' acts, but he has not presented any facts to support this allegation. Nor does plaintiff address the probability of his success on the merits. Instead, plaintiff's motion consists of a request for a court order releasing him from custody, or for opening of discovery, or for service of process. Plaintiff also requests a jury trial, which is not an appropriate request in a motion for preliminary injunction. Based on the foregoing, it is apparent that plaintiff's motion does not seek injunctive relief. Therefore, the court shall construe the motion as a request for jury trial and a motion for the court to release plaintiff, open discovery, or serve process.

**II.     REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial. The court will accept this request as a demand for jury trial pursuant to Fed. R. Civ. P. 38. To the extent that plaintiff's request is a demand for immediate trial, it is DENIED.

**III.    MOTION FOR RELEASE**

Plaintiff requests a court order for defendants to release him immediately from custody. A request for release from custody is not properly brought under 42 U.S.C. § 1983. Section 1983 cases

concern challenges to the *conditions of prison life*, not challenges to custody. See <u>McCarthy v. Bronson</u>, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a federal petition for writ of habeas corpus, which concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). Here, plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Therefore, the court cannot grant plaintiff's motion for release from custody in this action. Accordingly, plaintiff's motion for release must be DENIED.

**IV.    MOTION TO OPEN DISCOVERY**

Plaintiff has requested a court order immediately opening discovery. Plaintiff is advised to read the First Informational Order issued in this action on February 15, 2007. (Doc. 9.) The First Informational order explains that the court will issue an order opening discovery and setting the deadlines for completing discovery <u>after an answer is filed by defendants</u>. (First Info Order at 3 ¶ 8.) The court must first screen plaintiff's complaint. 28 U.S.C. § 1915A(a). If the court makes a finding that the complaint states cognizable claims for relief under federal law against one or more of the named defendants, the next step is for defendants to be served with process and make an appearance in the action. After defendants have filed an answer, the court will issue a scheduling order opening discovery. The court has not yet screened plaintiff's complaint. Therefore, plaintiff's motion to open discovery is premature and shall be DENIED.

**V.    MOTION TO SERVE PROCESS**

Plaintiff has requested a court order for defendants to be served with process in this action. The court must first screen plaintiff's complaint. 28 U.S.C. § 1915A(a). If the court makes a finding that the complaint states cognizable claims for relief under federal law against one or more of the named defendants, the next step is for defendants to be served with process. Because the court has not yet screened plaintiff's complaint, plaintiff's motion for service of process is premature and shall be DENIED.

///

**VI.  CONCLUSION AND ORDER**

Based on the foregoing analysis, IT IS HEREBY ORDERED that :

1. Plaintiff's motion for injunctive relief is construed as a request for jury trial and a motion for the court to release plaintiff, open discovery, or serve process.

2. The court accepts plaintiff's request for trial as a demand for jury trial under Rule 38 of the Federal Rules of Civil Procedure.  However, to the extent that plaintiff's request is a demand for immediate trial, the request is DENIED; and

3. Plaintiff's motion for the court to release plaintiff from custody, open discovery, or serve process is DENIED.

IT IS SO ORDERED.

**Dated:** **March 13, 2008**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE