# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | 1:06-cv-01799-OWW-GSA-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| v. | |
| CHRIS CHRONES, et al., | ORDER FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT **OR** NOTIFY COURT HE WISHES TO VOLUNTARILY DISMISS THIS ACTION |
| Defendants. | |
| | ORDER FOR CLERK TO SEND PLAINTIFF § 1983 COMPLAINT FORM |
| | THIRTY DAY DEADLINE |

Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 11, 2006. (Doc. 1.)

**I.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    SUMMARY OF COMPLAINT**

Plaintiff filed the complaint on December 11, 2006. (Doc. 1.) The events at issue allegedly occurred at Kern Valley State Prison ("KVSP") in Delano, California, where plaintiff is presently incarcerated. Plaintiff names as defendants Chris Chrones (Associate Warden, KVSP), Johnson, the Director of Corrections, Mike Knowles (Associate Warden, KVSP), C/O Palombo, Trust Office Employees at KVSP, C/O Hernandez, a Committee Rep., and John/Jane Does 1 through 20.

Plaintiff's recites his allegations in the complaint using a narrative consisting of one very long sentence, separated by commas, written in plaintiff's small handwriting. Due to this format,

1  the complaint is difficult to read, and it is unclear which of the named defendants are associated with
2  which allegations. Plaintiff alleges that on November 28, 2006, he was retained in Ad Seg and
3  assessed a six month SHU term with out notice. Plaintiff also alleges that defendant(s) "kidnaped,
4  extorted, blackmailed and conspired to murder plaintiff without notice." Plaintiff alleges violations
5  of "1961(c) IX RICO," conspiracy to violate his rights under the Fourteenth Amendment, and
6  discrimination. Plaintiff also alleges "defendant C/O Palombo has acted in concert with state actors
7  and has conspired by screening all of plaintiff's outgoing legal mail outside his presence and by
8  removing legal documents out of plaintiff's legal mail to the Superior Court of Kern County."
9  Plaintiff seeks money damages and injunctive relief, including a press release, media attention and
10 coverage, freezing of defendants' accounts, and criminal charges against defendants.

### III.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

#### A.   Linkage Requirement

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3D 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

"[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff fails to link some affirmative act or omission by any of the named defendants with the deprivations plaintiff alleges in the complaint. Moreover, plaintiff has not clearly indicated in the complaint which of the named defendants are associated with which allegations. Therefore, plaintiff fails to state a claim under § 1983 against any of the defendants, and the complaint must be dismissed. The court will provide plaintiff with an opportunity to amend the complaint or notify the court he wishes to voluntarily dismiss this action. The court will also provide plaintiff with legal authority which may or may not be relevant to the claims he is attempting to assert.

**B.  Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Id.

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range

of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

### C.    Conspiracy under § 1983

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

### D.    Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the

plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley Development Company, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

### E. Crimes of Kidnaping, Extortion, Blackmail, Conspiracy to Murder

"Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney, 119 F.3d at 1391 (internal quotations omitted). A section 1983 action is a civil action brought under the Civil Rights Act. As a rule, civil actions may be started by individuals, but criminal actions may only be started by the state and not by individuals. Indeed, with limited exceptions, none of which applies to §1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen.

### F. RICO

"Among the remedies included by Congress in the Racketeer Influenced and Corrupt Organizations Act ('RICO'), 18 U.S.C. §§ 1961-1968, is a private right of action for treble damages available to '[a]ny person injured in his business or property by reason of a violation of section 1962' of the Act. Id. § 1964(c). Thus, to have standing to sue under civil RICO, a private plaintiff must prove injury to business or property 'by reason of' a RICO violation." Laura Ginger, Comment, Causation and Civil RICO Standing: When is a Plaintiff Injured "by Reason of" a RICO Violation?, 64 St. John's L. Rev. 849 (Fall 1990).

### G. Screening of Outgoing Mail

Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).

III.    **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 because plaintiff has not adequately linked the alleged constitutional violation to actions or omissions of named defendants. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order, or in the alternative, to notify the court that he wishes to voluntarily dismiss this action.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after December 11, 2006. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on December 11, 2006.

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

///

///

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall either:

    a. File a first amended complaint in compliance with this order, or in the alternative,

    b. Notify the court in writing that he wishes to voluntarily dismiss this action;

4. If plaintiff chooses to file a first amended complaint, plaintiff shall boldly and clearly entitle it "First Amended Complaint" and refer to the case number 1:06-cv-01799-OWW-GSA-PC; and

5. If plaintiff fails to comply with this order, the court will recommend that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **April 10, 2008**        /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE