# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | 1:06-cv-01799-OWW-GSA-PC |
|       Plaintiff, | ORDER CONSTRUING PETITION FOR WRIT OF MANDAMUS AS A MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND DECLARATORY RELIEF |
| v. | |
| CHRIS CHRONES, et al., | (Doc. 14.) |
|       Defendants. | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF AND DECLARATORY RELIEF BE DENIED |
| | (Docs. 14, 17.) |
| | OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**I.     RELEVANT PROCEDURAL HISTORY**

Plaintiff, James E. Smith ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint that commenced this action on December 11, 2006. (Doc. 1.) On January 9, 2008, plaintiff filed a motion for preliminary injunctive relief and declaratory relief, seeking an order granting plaintiff rights to post bail, ordering plaintiff's immediate release, ordering the Secret Service to come and escort petitioner off the premises forthwith, and declaring that Rules 16(b), 26(f), and 4(a) apply in this action. (Doc. 17.)

On November 14, 2006, plaintiff submitted a document to the court entitled "28 U.S.C. 1651(a) Supervisor Mandamus [All Writs Act] for Suing Judgment 28 U.S.C. 1447, 1446 Rule 81

Federal Rule of Civil Procedure." The Clerk construed the document as a petition for writ of mandamus under 28 U.S.C. § 1651 and opened a new action on November 14, 2006, assigning case number 1:06-cv-01637-AWI-WMW-HC. Subsequently, on December 26, 2007, the court dismissed the action and directed the Clerk to re-file the document in this action. (Doc. 14.)

## II.  Petition for Writ of Mandamus

Plaintiff submitted a document to the court on November 14, 2006, which appears on the docket of this action as a "petition for writ of mandamus." (Doc. 14.) In the document, which plaintiff self-entitled "28 U.S.C. 1651(a) Supervisor Mandamus [All Writs Act] for Suing Judgment 28 U.S.C. 1447, 1446 Rule 81 Federal Rule of Civil Procedure," plaintiff complains that defendants have refused to return his money to him, retaliated against him, screened his mail, beat him and used pepper spray against him, and placed him in Ad Seg without notice. As relief, plaintiff requests the court to issue a "writ of prohibition" against defendants, to declare the district court empowered by revised statutes, and to apply the "Barman Factor." Plaintiff also requests damages and attorney fees.

In the "petition for writ of mandamus," plaintiff repeats many of the allegations he recited in the complaint. He also alleges new facts which he may or may not intend to add to the complaint. Plaintiff may not amend or supplement the complaint in this manner. Under Rule 15 of the Federal Rules of Civil Procedure, a party may only file a supplemental complaint with leave of court, and plaintiff has not requested, nor been given, such leave. See Fed. R. Civ. P. 15(d). In a separate order, the court has granted plaintiff leave to file an amended complaint in which he can make additions or changes to the complaint. Accordingly, the court shall disregard the "petition for writ of mandamus" to the extent it is a supplemental complaint or supplement to the complaint, and shall here construe it as a motion for preliminary injunctive relief and declaratory relief.

## II.  PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

### A.  Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)

a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**B.  Discussion**

In a separate order, the court dismissed plaintiff's complaint for failure to state a claim and ordered plaintiff to either file an amended complaint within thirty days or notify the court he wishes to voluntarily dismiss this action. At this juncture, the court does not yet have before it an actual case or controversy. Therefore, the court finds that plaintiff's motions for preliminary injunctive relief must be denied.

**IV.  PLAINTIFF'S MOTIONS FOR DECLARATORY RELIEF**

**A.  Legal Standard**

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings

3

1 and afford relief from the uncertainty and controversy faced by the parties." United States v.
2 Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

3     **B.**     **Discussion**

4     Plaintiff requests court orders declaring that Rules 16(f), 26(f) and 4(a) apply in this action,
5 and declaring that the district court is empowered by revised statutes. Without more information,
6 the court cannot take this matter under consideration. Moreover, to issue such declaratory orders
7 will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate
8 the proceedings and afford relief from the uncertainty and controversy faced by the parties.
9 Therefore, the court finds that plaintiff's motions for declaratory relief must be denied.

10 **III.**     **CONCLUSION AND RECOMMENDATION**

11     Based on the foregoing, the court HEREBY RECOMMENDS plaintiff's motions for
12 preliminary injunctive relief and declaratory relief, filed November 14, 2006 and January 9, 2008
13 be DENIED.

14     These Findings and Recommendation will be submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
16 **days** after being served with these Findings and Recommendation, plaintiff may file written
17 objections with the court. The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendation." Plaintiff is advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
20 1153 (9th Cir. 1991).

21

22     IT IS SO ORDERED.

23     Dated:    **April 11, 2008**              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28