# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | 1:06-cv-01799-OWW-GSA-PC |
| Plaintiff, | ORDER CONSTRUING MOTION TO SUPPLEMENT THE PLEADINGS AS MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF |
| v. | |
| CHRIS CHRONES, et al., | (Doc. 23.) |
| Defendants. | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF BE DENIED |
| | (Docs. 21, 22, 23.) |
| | OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff, James E. Smith ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint that commenced this action on December 11, 2006. (Doc. 1.) On April 24, 2008 and April 28, 2008, plaintiff filed motions for preliminary injunction and declaratory relief. (Docs 21, 22.) On May 5, 2008, plaintiff filed a motion to supplement the pleadings. (Doc. 23.)

## II. MOTION TO SUPPLEMENT THE PLEADINGS

Plaintiff has filed a motion to supplement the pleadings. In the motion, plaintiff requests the court to "declare that defendants violated plaintiff['s] rights under the Due Process clause of state

1

standards; Order the expugement (sic) of the records; Grant plaintiff auxullary (sic) relief; Declare that plaintiff arrest was illegal and without probable cause; Grant plaintiff injunctive relief; and declare that this case is a case of controversy and exceeds $3,000 dollars." Nowhere in the motion does plaintiff request leave to file a supplemental complaint or express an intention to file a supplemental complaint. Accordingly, based on the nature of plaintiff's requests in the motion and his statements that the court should "declare" and "grant [] injunctive relief," the court shall construe the motion to file a supplemental complaint as a motion for preliminary injunction and declaratory relief.

## III. LEGAL STANDARDS

### A. Preliminary Injunction

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States

Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### B. Declaratory Relief

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

## IV. DISCUSSION

Plaintiff requests preliminary injunction and declaratory relief granting plaintiff rights to withdraw funds from his trust account on demand, rights to spend his personal money for "attorney fees and personal accommodations," for "liberty under the acid test" due to failure to deliver a letter, for rights to have transcripts from state court properly prepared, for relief under the Endangered Species Act, for rights to higher education, for rights to benefits under the contract clause, for rights to free speech, press, and religion, for rights to privileges afforded white citizens, for violation of the interstate commerce act, for injustice to stockholders and "declin[ing] to have an account taken," for mistaken identification connected with an arrest, for plaintiff's rights to a judicial hearing, for stealing plaintiff's money out of his trust account and mail, and for plaintiff's right to receive books, magazines and periodicals. Plaintiff seeks declaratory relief by a declaration that "the 47 million worth stocks in exchange for the 40 million was short swing sale." Plaintiff also requests the court to "prevent the INS from applying a new regulation" and to "examine the merits of NCIR's challenge." Also, as stated above, plaintiff requests the court to "declare that defendants violated plaintiff['s] rights under the Due Process clause of state standards; Order the expugement (sic) of the records; Grant plaintiff auxullary (sic) relief; Declare that plaintiff arrest was illegal and without probable cause; Grant plaintiff injunctive relief; and declare that this case is a case of controversy and exceeds $3,000 dollars."

Without more information, the court cannot take these matters under consideration. Moreover, to issue such orders will not remedy the claim upon which this action proceeds, serve a

1  useful purpose in clarifying and settling the legal relations in issue, or terminate the proceedings and
2  afford relief from the uncertainty and controversy faced by the parties.  Therefore, the court finds that
3  plaintiff's motions for preliminary injunction and declaratory relief must be denied.

4  **V.     CONCLUSION**

5       Based on the foregoing, the court HEREBY RECOMMENDS plaintiff's motions for
6  preliminary injunctive relief and declaratory relief, filed April 24, 2008,  April 28, 2008, and May 5,
7  2008, be DENIED.

8       These Findings and Recommendation will be submitted to the United States District Judge
9  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
10 **days** after being served with these Findings and Recommendation, plaintiff may file written
11 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendation."  Plaintiff is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
14 1153 (9th Cir. 1991).

16       IT IS SO ORDERED.
17       Dated:   **August 3, 2008**                    /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE